In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00019-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF BENJAMIN COREY HOWELL


AND JOSEPHINE MARIDA HOWELL AND IN THE INTEREST


OF A.M.H., A.M.H., AND A.M.H., CHILDREN





 


On Appeal from the 71st Judicial District Court


 Harrison County, Texas


Trial Court No. 07-0760




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 The marriage relationship between Benjamin Corey Howell and Josephine Marida Howell
was dissolved through a final divorce decree entered pursuant to an agreement incident to divorce,
which amicably divided the marital property, responsibility for debt, and support and access to the
parties' three children. The sole issue for our resolution is whether the qualified domestic relation
order (QDRO) signed by the trial court impermissibly altered the interest in a 401(k) account
awarded to Josephine in the agreed decree of divorce. We determine it did not. 

 With respect to this matter, the agreement incident to divorce, as well as the divorce decree
awarded Josephine: 

 One-half of the net value of the 401(k) existing from the husband's employment after
subtracting the loan balance (eg since the vested balance as of January 8, 2008 was
$32,634.05 as set forth on the attached participant's summary and the loan balance
was $5350.74 the wife would therefore receive $13,641.65 which is one-half of
$27,283.31) more particularly described in a qualified domestic relations order
signed by this court. 


While the court set out a current valuation and estimate of sum to be awarded if the distribution were
to occur when the judgment was signed, this language simply awarded Josephine one-half of the
value of the 401(k). 

 After stating "[t]he applicable monies to be paid will be taken proportionately out of the
funds in which the Participant is in at the time of distribution," the QDRO signed by the trial court
added the following language of which Josephine complains: "such amount shall be adjusted for
earnings and losses from the valuation date to the date of distribution to the alternate payee." At the
trial court level, she alleged that it was previously determined that she would receive $13,641.65,
a sum certain, that the value was res judicata, and that the QDRO modified her amount. A chart was
provided to the court indicating that the total account balance since the date of divorce had decreased
by $7,931.40. We reject Josephine's interpretation of the divorce decree. 

 While an order may be clarified, it is beyond the power of a trial court to amend, modify, alter,
or change the division of property made or approved after entry of a final decree of divorce. Tex.
Family Code Ann. §§ 9.007, 9.008 (Vernon 2006). We review the QDRO to determine whether
it amended the final divorce decree pursuant to the agreement incident to divorce. We will interpret
the divorce decree and QDRO like any other judgment. Floyd v. Floyd, No. 04-04-00436-CV, 2005
WL 291493, at *2 (Tex. App.--San Antonio Feb. 9, 2005, no pet.) (mem. op.) (citing Reiss v. Reiss,
118 S.W.3d 439, 441 (Tex. 2003). If a decree read as a whole is not ambiguous, we will interpret it
literally. Id.

 In this case, it is clear that the intent of the parties, as well as the trial court, that the divorce
decree awarded Josephine a one-half interest in Benjamin's 401(k). The QDRO, in stating that the
plan funds were "sufficient in value to contain funds sufficient to divide the funds in a fashion that
Alternate  Payee  may  receive  her  share  in  the  amount  of  $13,641.65  of  the  vested  value  as
of March 24, 2008," did not constitute a ruling by the trial court that Josephine was entitled to a sum
certain, no matter when her rights were satisfied. Rather, it set out, simply as an example, the
amount the plan administrator would have to pay if funds were distributed as of that date. The
QDRO's language that funds would be paid proportionately, both evidenced that Josephine was
entitled to a one-half interest instead of a sum certain and was entirely consistent with the language
of the divorce decree when it awarded "one-half of the net value of the 401(k)." Since Josephine was
entitled to a fifty percent share, the language that her share would be "adjusted for earnings and
losses" before distribution was also consistent with the divorce decree. In sum, we fail to find any
inconsistency between the QDRO and the divorce decree. Thus, we reject Josephine's point of error
that the QDRO "impermissibly alter[ed] the interest in a 401(k) account" as specified in the agreed
decree of divorce. 

 We affirm the trial court's order.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 7, 2009

Date Decided: July 8, 2009